[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT FILED BY DEFENDANTS GINNS/DUBIN ENGINEERING (#148) AND JOHN EBERLE (#150)
This is a suit on a construction contract to renovate and remodel a nursing home. The plaintiff's original complaint is dated July 16, 1996. Two defendants, Ginns/Dubin Engineering ("Ginns/Dubin") and John N. Eberle ("Eberle"), have filed motions for summary judgment asserting that the suit is time-barred as to them by the seven year statute of limitations contained in General Statutes § 52-584a. For the reasons set forth below, the motions for summary judgment are denied.
Ginns/Dubin provided engineering services on the construction project and Eberle provided architectural services. As such, both Ginns/Dubin and Eberle come within the provisions of §52-584a. As pertinent here, that statute provides:
 No action . . . to recover damages for any deficiency in the design, planning, contract, administration, supervision, observation of construction or construction of . . . an improvement to real property . . . shall be brought against any architect, professional engineer . . . more than seven years after substantial completion of such improvement.
§ 54-584a(a).
The statute further provides:
 (c) For purposes of subsections (a) and (b) of this section, an improvement to real property shall be considered substantially complete when . . . (2) it is first available for use after having been completed in accordance with the contractor or agreement covering the improvement, including any agreed changes to the contract or agreement.
§ 54-584a(c).
Ginns/Dubin and Eberle argue that the construction project was "substantially complete" on March 29, 1989 when the City of Bridgeport Building Department issued a certificate of occupancy. CT Page 5358 They further argue that suit against them had to be brought within seven years after March 29, 1989 or be time-barred pursuant to § 54-584a. Since the plaintiffs' suit was not brought until July 16, 1996, they claim that they are entitled to summary judgment.
The plaintiffs' claim that their suit is timely because the construction project was never substantially completed in accordance with the contract covering the improvement. The plaintiffs claim that the certificate of occupancy should not be construed as a bright line test to establish substantial completion. In support of this position, the plaintiff's point to (1) the public health code that add an additional layer of requirements for operation of a nursing home beyond those covered by a certificate of occupancy and (2) the allegations in this case that major components of the construction project in the areas of fire access doors, hot water, ventilation, electrical generation, and roofing were so deficiently designed or installed, such that completion of the project in accordance with the contract never occurred.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 223 Conn. 732, 751 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence. United OilCo. v. Urban Development Commission, 158 Conn. 364, 378 (1969). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988).
Applying the above law to this case, and viewing the evidence in the light most favorable to the plaintiffs, there exists an issue of material fact as to whether the project was in fact "substantially completed" on March 29, 1989 when Bridgeport issued the certificate of occupancy. Whether the claimed construction defects are as serious as alleged, or whether the public health code requirements made the facility incomplete despite being structurally sound enough for a certificate of occupancy, remain to be proven. Clearly the issuance of the CT Page 5359 certificate of occupancy is evidence of completion, but neither § 54-584a nor the applicable case law makes such issuance conclusive. On the facts of this case, the statute of limitations issue should be resolved by the trier of fact at trial.
Accordingly, the motions for summary judgment are denied.
So Ordered at New Haven, Connecticut this 22nd day of April, 1999.
Robert J. Devlin, Jr., Judge